IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| YUPANQUI PACHACUTEC, : | |
| : | |
| Plaintiff, : | |
| : | |
| V. : | |
| : | NO. 5:24-cv-00272-MTT-CHW |
| MONROE COUNTY : | |
| SHERIFF'S OFFICE, *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

## ORDER

Plaintiff Yupanqui Pachacutec, a detainee in the Monroe County Jail in Forsyth, Georgia, has filed a handwritten document, which has been docketed in this Court as a 42 U.S.C. § 1983 civil rights complaint. Compl., ECF No. 1. Plaintiff has also filed a supplement, which appears to be a copy of the original complaint with additions. *See* Suppl., ECF No. 4. Notably, the return address on the supplement is different from that on the original complaint, and it appears from the supplement that Plaintiff may have been released from the jail. Moreover, since the supplement was filed, an order referring the case to this Magistrate Judge has been returned to the Court as undeliverable. Mail Returned, ECF No. 5.

Plaintiff should be aware that it is his responsibility to keep the Court informed as to his current address. While this case is pending, Plaintiff must file a written notice of change of address informing the Court as to any changes in his mailing address. Plaintiff's failure to do so may constitute a failure to prosecute this case, which can result in the

dismissal of this action.

Turning to Plaintiff's filings, in the initial document, Plaintiff sets forth allegations regarding his arrest and subsequent detention. *Id.* at 1-3. Plaintiff also asserts that he is seeking an injunction and monetary damages. *Id.* at 3. Although it is not entirely clear, it appears that the injunction that Plaintiff is seeking would be an order to release him from custody and/or dismiss any criminal charges pending against him.

Plaintiff's pleading is not on a standard form, and it includes elements of both a 42 U.S.C. § 1983 complaint and a 28 U.S.C. § 2241 petition for a writ of habeas corpus. *See generally id.* To the extent that Plaintiff is challenging his custody and seeking release from such custody, it seems that he may have intended to file this action as a 28 U.S.C. § 2241 habeas corpus petition.[1] If Plaintiff is seeking other relief, such as damages, for alleged civil rights violations, he may have intended to file this action under 42 U.S.C. § 1983.

A habeas corpus petition and a § 1983 civil rights complaint are two separate types of filings, and habeas corpus claims and civil rights claims cannot be raised together in the same case. Thus, it is necessary for Plaintiff to clarify whether he wants to proceed with a § 1983 civil rights action or a § 2241 habeas petition before this case may proceed.

---

[1] A writ of habeas corpus is only appropriate if the petitioner is, among other things, "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A person is in custody when they are "subject to a significant restraint on their liberty that is not shared by the general public." *Howard v. Warden*, 776 F.3d 772, 775 (11th Cir. 2015). A petitioner may be considered to be in custody when he or she is on parole, released pending execution of a sentence, or free on bail. *Id.* Thus, even if Plaintiff has been released from the Monroe County Jail, he may still be subject to custody.

If Plaintiff wishes to challenge his pretrial detention or some other form of custody and seek release from such custody, he should complete and return the habeas petition. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."). If Plaintiff seeks other relief, such as damages, for alleged civil rights violations, he should complete and return the § 1983 complaint. *See Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979) (explaining that 42 U.S.C. § 1983 provides "a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes").

Plaintiff has not paid the filing fee for this case and has not filed a motion for leave to proceed *in forma pauperis*. If Plaintiff is seeking to proceed with a habeas corpus petition, the filing fee is $5.00. Alternatively, if Plaintiff is seeking to proceed with a § 1983 civil rights complaint, the filing fee is $405.00. Regardless of which type of relief Plaintiff is pursuing, he may file a motion for leave to proceed *in forma pauperis* if he is financially unable to pay the full filing fee up front. If Plaintiff is currently in the Monroe County Jail, he must file the prisoner motion for leave to proceed *in forma pauperis*, but if Plaintiff has been released, he must file a non-prisoner motion.

If Plaintiff wishes to proceed with this action, he is **ORDERED** to complete either a 28 U.S.C. § 2241 habeas corpus petition or a 42 U.S.C. § 1983 complaint and to pay the appropriate filing fee or move for leave to proceed *in forma pauperis*. Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to take these steps. Plaintiff's failure

to fully and timely comply with this order may result in the dismissal of this action.

The **CLERK** is **DIRECTED** to forward Plaintiff a 42 U.S.C. § 1983 complaint form; a 28 U.S.C. § 2241 petition for a writ of habeas corpus; a prisoner motion to proceed *in forma pauperis*, with the appropriate account certification form; and a non-prisoner motion to proceed *in forma pauperis*, along with his service copy of this order (with the civil action number showing on all).  Out of an abundance of caution, the **CLERK** is **DIRECTED** to send these documents to Plaintiff at both the Monroe County Jail and the address listed in the return address of his supplement (ECF No. 4).

There shall be no service in this case pending further order of the Court.[2]

**SO ORDERED** and **DIRECTED**, this 4th day of September, 2024.

                                          s/ Charles H. Weigle
                                          Charles H. Weigle
                                          United States Magistrate Judge

---

[2]Plaintiff has also filed a document that appears to be a motion seeking either a preliminary hearing or dismissal of the charges in his pending criminal case.  Mot. to Adjudicate All Proceedings, ECF No. 2.  Consideration of this motion is deferred pending Plaintiff's compliance with the directions set forth in this order.