IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| YUPANQUI PACHACUTEC, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:24-cv-272 (MTT) |
| MONROE COUNTY SHERIFFS OFFICE *et al.*, | ) |
| Defendants. | ) |

### ORDER

Pro se Plaintiff Yupanqui Pachacutec moves for reconsideration of the Court's November 25, 2024 Order (Doc. 9) dismissing this action without prejudice. Doc. 10. For the following reasons, the Motion (Doc. 10) is **DENIED**.

### I. BACKGROUND

Pachacutec initiated this action, while a detainee in the Monroe County Jail in Forsyth, Georgia, without paying the required filing fee or filing a motion to proceed in forma pauperis ("IFP"). Doc. 1. On September 4, 2024, the Court issued an Order directing Pachacutec within fourteen days: (1) to refile his complaint using the Court's standard form, and (2) to either pay the filing fee or to file a motion to proceed IFP. Doc 6. Pachacutec was expressly warned that failure to comply could result in dismissal of the action. *Id.* Pachacutec failed to comply and did not respond. On October 16, 2024, the Court issued an Order directing Pachacutec to show cause within fourteen days why the case should not be dismissed for failure to comply with the September 4, 2024 Order. Doc. 7. Pachacutec was warned for the second time that failure to comply could result in dismissal of the case. *Id.* He did not respond.

Consequently, the Court dismissed the case without prejudice on November 25, 2024, and judgment was entered the same day. Docs. 8; 9. On December 23, 2024, Pachacutec filed the present motion for reconsideration, arguing that his "due process right to be heard" was violated. Doc. 10. Pachacutec offers no specific facts, evidence, or legal authority in support of this assertion, and he makes no other argument supporting reconsideration.

## II. STANDARD

Motions for reconsideration are governed by Federal Rules of Civil Procedure 59(e) and 60.[1] *See also* M.D. Ga. L.R. 7.6. "[R]econsideration of a previous order is an extraordinary remedy to be employed sparingly." *Bingham v. Nelson*, 2010 WL 339806 at *1 (M.D. Ga. Jan. 21, 2010) (internal quotation marks and citation omitted). It "is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Id.; see Money v. Isom*, 2024 WL 3558373, at *1 (M.D. Ga. July 25, 2024) (quoting *Fla. College of Osteopathic Med., Inc. v. Dean Witter*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998)). A motion that simply reiterates prior arguments or expresses dissatisfaction with the Court's decision does not meet these standards. *McCoy v. Macon Water Authority*, 966 F. Supp. 1209, 1222-23 (M.D. Ga. 1997).

---

[1] Local Rule 7.6 provides that "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6 ("[M]otions for reconsideration shall be filed within fourteen (14) days after entry of the order" except for motions "filed pursuant to Fed. R. Civ. P 59(e)."); *see* Fed. R. Civ. P 59(e) ("[Motions] to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

### III. DISCUSSION

Pachacutec fails to meet the requirements necessary for reconsideration. Pachacutec argues his due process rights have been violated but he fails to articulate any specific facts or legal basis to support this claim.  Doc. 10.  Due process requires notice and an opportunity to be heard.  *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003); *see Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985).  The Court satisfied these requirements by issuing clear directives to Pachacutec, such as paying the $405 filing fee or seeking IFP status, and ordering him to show cause why the case should not be dismiss for his failure to comply.  Docs. 6; 7.  Pachacutec was warned twice that failure to comply could result in dismissal of the case, yet he failed to respond.  Doc. 6; 7.  *See* Fed. R. Civ. P. 41; *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[2]  Pachacutec's disagreement with the Court's decision does not constitute a clear error or manifest injustice, and the dismissal without prejudice does not preclude him from refiling his case in compliance with the applicable procedural requirements (e.g., paying the filing fee or moving to proceed IFP).

In sum, Pachacutec has not identified any intervening change in the law, newly discovered evidence, or manifest injustice that would justify reconsideration of the Court's November 25, 2024 Order.  Thus, Pachacutec's motion for reconsideration (Doc. 10) is **DENIED**.

---

[2] *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981).

**SO ORDERED**, this 17th day of January 2025.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
